IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02195-BNB

JOHN TIMOTHY HARRISON,

    Applicant,

v.

PAMELA PLOUGHE (Warden), and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

ORDER DRAWING CASE

---

    Applicant, John Timothy Harrison, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Arrowhead Correctional Center in Cañon City, Colorado. Mr. Harrison initiated this action by filing *pro se* on August 17, 2012, an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) challenging the validity of his conviction in Jefferson County, Colorado, district court Case No. 01CR2743. ECF No. 1 is an example of the convention the Court will use throughout this order to identify the docket number assigned to a specific paper by the Court's electronic case filing and management system (CM/ECF). Mr. Harrison has paid the $5.00 filing fee.

    On August 29, 2012, Magistrate Judge Boyd N. Boland directed Respondents to file a pre-answer response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). ECF No. 6. On September 26, 2012, after being granted an extension

of time, Respondents submitted their pre-answer response. ECF No. 14. On October 19, 2012, Mr. Harrison filed a reply (ECF No. 15).

The Court must construe Mr. Harrison's filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. Upon completion of the Court's review pursuant to D.C.COLO.LCivR 8.2C, the Court has determined that this case does not appear to be appropriate for summary dismissal. Therefore, for the reasons stated below, the case will be drawn to a district judge and to a magistrate judge. *See* D.C.COLO.LCivR 8.2D.

Mr. Harrison was convicted in Jefferson County District Court Case No. 01CR2743 on April 1, 2002, pursuant to a plea agreement for sexual assault on a child by one in a position of trust, a class-three felony. ECF No. 14 (pre-answer response) at 2, ex. A (state court register) at 11. He was sentenced on May 15, 2002, to eight years to life. ECF No. 14, ex. A at 11. Mr. Harrison did not appeal directly from the conviction and sentence.

On June 13, 2002, Mr. Harrison filed with the trial court a postconviction motion to "Delete Mandatory Parole as Unconstitutional Pursuant to Crim. P. Rule 35(a)." ECF No. 14, ex. A at 11. On September 13, 2002, Mr. Harrison filed with the trial court a postconviction motion for sentence reconsideration pursuant to Rule 35(b) of the Colorado Rules of Criminal Procedure. ECF No. 14, ex. A at 10. On October 10, 2002, the trial court denied the Rule 35(a) motion. ECF No. 14, ex. A at 10. On June 26, 2003, the trial court granted the Rule 35(b) motion after a hearing (ECF No. 14, ex. A at

10), and reduced Mr. Harrison's sentence of eight years to life to four years to life. ECF No. 14, ex. A at 10. On February 19, 2004, the trial court entered an "Order re: Request for Reconsideration." ECF No. 14, ex. A at 10. Respondents contend that it is unclear from the state court register whether this order was in response to another motion for reduction of sentence not noted on the register; failed to address the additional state history of this case; and argued that the instant action is time-barred. The Court has attempted to piece together the remaining relevant state court history.

On December 20, 2004, Mr. Harrison filed another Colo. R. Crim. P. 35(a) postconviction motion, ECF No. 14, ex. A at 10, which the trial court denied on December 27, 2004. ECF No. 14, ex. A at 9. On February 13, 2007, the Colorado Court of Appeals affirmed. ECF No. 14, ex. A at 8; *see also People v. Harrison*, 165 P.3d 859, 860 (Colo. Ct. App. 2007). On August 27, 2007, the Colorado Supreme Court denied certiorari review. ECF No. 14, ex. E; *see also* ECF No. 14, ex. A at 8. On June 8, 2009, Mr. Harrison filed another Colo. R. Crim. P. 35(a) motion, which the trial court denied on June 26, 2009. ECF No. 14, ex. A at 8. On July 16, 2010, the Colorado Court of Appeals affirmed. ECF No. 14, ex. H (*People v. Harrison*, No. 09CA1670 (Colo. Ct. App. July 15, 2010) (not published)). On January 3, 2011, the Colorado Supreme Court denied certiorari review. ECF No. 14, ex. K; *see also* ECF No. 14, ex. A at 7. Afterwards, on a date the Court is unable to discern, Mr. Harrison filed another Colo. R. Crim. P. 35(a) postconviction motion, which the trial court denied on June 23, 2011, but amended his mittimus to read "Indeterminate period of parole. Parole shall be determined under the provisions of C.R.S. 18-1.3-1006(1)(B)." ECF No. 14, ex. N (*People v. Harrison*, No. 11CA1410 (Colo. Ct. App. Dec. 15, 2011) (unpublished)) at 4.

On August 17, 2012, Mr. Harrison initiated the instant action by filing his habeas corpus application. ECF No. 1. He asserts one claim, i.e., that changes in Colorado's sentencing statutes before he originally was sentenced retroactively increased the severity of the parole component of his prison sentence in violation of the United States Constitution's prohibition on ex post facto laws. *Id.* at 7-8.

Respondents argue that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). Section 2244(d) provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this

      subsection.

28 U.S.C. § 2244(d).

      The Court will defer ruling on Respondents' time-bar argument because the current record is unclear. A thorough discussion of the state court history of Mr. Harrison's criminal case is missing from the pre-answer response. In addition, Respondents' time-bar argument is based, at least in part, on a motion for reduction of sentence, which is not noted on the state court register of actions, and the disposition of which is unclear based on the cursory reference to an "Order re: Request for Reconsideration" dated February 19, 2004, contained in the state court register. ECF No. 14, ex. A at 10.

      In addition, Respondents' argue that Mr. Harrison failed to exhaust state court remedies for his asserted claim. Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

      The "substance of a federal habeas corpus claim" must have been presented to the highest state court in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252

(10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

"The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Respondents argue that Mr. Harrison's claim was not presented fairly to the state courts. They contend "[t]he closest he has come is to reference the ex post facto clause in what amount to parenthetical case explanations (though parentheses were not used) in the context of arguing that his sentence violates state sentencing statutes." ECF No. 14 at 13. The Court disagrees. In his opening brief in *People v. Harrison*, No. 09CA1670, Mr. Harrison asserts:

> Defendant herein asserts that any sentence (as well as any parole) imposed upon him by the court must be in full compliance with the sentencing and parole statutes for the State of Colorado in effect at the time the offense was committed. This is supported by the Colorado Supreme Court's Ruling in the case of Delgado v. People, 105 P.3d 634, 637 (Colo. 2005), and the Colorado Court of Appeals Ruling in People v. Tolbert, Case Number 05CA1836 3 May, 2007, as well as the Ex Post Facto Prohibitions of the [sic] both the Federal and State Constitutions.

ECF No. 14, ex. F.  Mr. Harrison's reference to the ex post facto prohibitions of the federal constitution was sufficient to put the state courts on notice that he was raising a federal constitutional claim.  *See Duncan*, 513 U.S. at 365-66.  Therefore, this case will be drawn to a district judge and a magistrate judge.  The Court will enter a separate order for the state court record and for an answer.

Accordingly, it is

ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED January 24, 2013, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge