**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Robert E. Blackburn**

Civil Action No. 12-cv-02195-REB

JOHN TIMOTHY HARRISON,

    Applicant,

v.

PAMELA PLOUGHE (Warden), and
THE ATTORNEY GENERAL FOR THE STATE OF COLORADO,

    Respondents.

## ORDER ON APPLICATION FOR WRIT OF HABEAS CORPUS

**Blackburn, J.**

This matter is before me on the *pro se* **Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** (Application) [#1][1] filed August 17, 2012. The respondents filed an answer [#24], and applicant filed a reply [#25 & #26].

Because the applicant is proceeding *pro se*, I have construed his pleadings and other filings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. **See Erickson v. Pardus**, 551 U.S. 89, 94 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, I cannot act and have not acted as an advocate for a *pro se* litigant. **See Hall**, 935 F.2d at 1110. After reviewing the pertinent portions

---

[1] [#1] is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

of the record, including the state court record [#21], I conclude that the Application must be denied.

## I.  JURISDICTION

I have jurisdiction over this case under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 2254 (habeas corpus, applicant in state custody).

## II.  BACKGROUND

The applicant, John Timothy Harrison, raises a single claim in his Application. He claims changes in the relevant Colorado sentencing statutes increased the severity of the parole component of his prison sentence after the date of the crime for which he is serving a sentence.  This change, he argues, violates the ban on *ex post facto* laws stated in the Constitution of the United States.  **U.S. Const.** art 1, § 10.

Mr. Harrison pleaded guilty in state court to sexual assault on a child by one in a position of trust, a class three felony under Colorado law.  His plea and conviction are based on a sexual assault that occurred in December 2000.  In May 2002, the state court sentenced Mr. Harrison to eight years to life in the Colorado Department of Corrections to be followed by an indeterminate period of parole.  Mr. Harrison did not file a direct appeal of his conviction or sentence.

Shortly before Mr. Harrison was sentenced, §17-2-201(5)(a.5), C.R.S., was amended to add certain language.  Mr. Harrison claims the parole component of his sentence was made more severe as a result of the amendment of §17-2-201(5)(a.5) in 2002, an amendment which took effect after the date of the crime of conviction. According to Mr. Harrison, the amendment caused his term of parole to change from a determinate period of parole not to exceed the maximum sentence imposed by the

court, under subsection (a.5), to an indeterminate period of parole under subsection (a.7).

The respondents contend Mr. Harrison is not entitled to relief because his Application is untimely. In addition, in the view of the respondents, §17-2-201(5)(a.7), as that statute existed in 2000, properly controls the term of parole of Mr. Harrison. Even before the 2002 amendment, subsection (a.5) was not applicable to Mr. Harrison, the respondents assert. Rather, subsection (a.7) was always applicable to the crime of Mr. Harrison. Given these circumstances, the respondents contend, there is no violation of the *Ex Post Facto* Clause of article 1, § 10 of the Constitution.

### III. TIMELINESS

Under the Anti-terrorism and Effective Death Penalty Act of 1996 (AEDPA), a habeas claim is timely raised if the habeas application is filed within one year of the date on which the challenged state judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). The time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward the AEDPA period of limitation. § 2244(d)(2). This includes a motion for reduction of sentence under the Colorado Rule of Criminal Procedure (Crim.P.) 35(b). **Robinson v. Golder**, 443 F.3d 718, 720-21 (10th Cir. 2006). However, a postconviction motion is not "properly filed," and thus does not toll, if it does not comply with the state's "conditions to filing," including the applicable statute of limitations. **Pace v. DiGuglielmo**, 544 U.S. 408, 413 (2005).

Under Crim. P. 35(a), there is no time limit to file a motion to correct an illegal sentence. Rule 35(b) permits a motion for reduction of sentence. Under Rule 35(b),

3

such a motion must be filed within 126 days after the sentence was imposed or after a relevant ruling by a state appellate court.[2]

On June 13, 2002, Mr. Harrison filed in the trial court a postconviction motion to "Delete Mandatory Parole as Unconstitutional Pursuant to Crim. P. Rule 35(a)." **Pre-Answer Response** [#14], Exhibit A (state court docket), p. 11. On September 13, 2002, Mr. Harrison filed with the trial court a postconviction motion for sentence reconsideration under Rule 35(b). *Id.*, p. 10. On October 10, 2002, the trial court denied the Rule 35(a) motion. *Id*. On June 26, 2003, the trial court granted the Rule 35(b) motion after a hearing and reduced Mr. Harrison's sentence from eight years to life to four years to life. *Id.; Transcript* [#24-2], June 26, 2003 hearing. In 2004 and 2009, Mr. Harrison filed two additional motions under Rule 35(a), both of which were denied by the trial court. *Order* [#17], p. 3 (summary of motions filed in state court).

The Colorado Court of Appeals affirmed the denial of the 2004 and 2009 Rule 35 motions. **People v. Harrison**, 165 P.3d 859, 860 (Colo. Ct. App. 2007) (**Harrison I**); **People v. Harrison**, No. 09CA1670 (Colo. Ct. App. July 15, 2010) (unpublished) (**Harrison II**) (copy at **Pre-Answer Response** [#14], Exhibit H [#14-8], p. 3 (CM/ECF p. 4)). On August 27, 2007, the Colorado Supreme Court denied certiorari review in **Harrison I**. *State Court Record*, p. 250.[3] On January 3, 2011, the Colorado Supreme Court denied certiorari review in **Harrison II**. *Pre-Answer Response* [#14], Exhibit K.

---

[2] In 2002, Rule 35(b) motions were subject to a 120 day time limit. That time limit now has been expanded to 126 days.

[3] The state court record [#21] was provided to this court as PDF files contained in four separate folders on a compact disc. When citing the state court record, I cite the 329 page document found on that compact disc in the folder named "Court File Documents." I cite this document by page number as *State Court Record*, p. #.

On May 6, 2011, Mr. Harrison filed another Crim. P. 35(a) postconviction motion. *State Court Record*, pp. 271 - 274. The trial court largely denied this motion on June 23, 2011. *State Court Record*, p. 275. However, the trial court amended its mittimus to read: "Parole shall be determined under the provisions of C.R.S. 18-1.3-1006[1][b], requiring the parole board to impose an indeterminate term of at least 20 years and a maximum of the remainder of the defendant's natural life." *Id.* This amendment of the mittimus was based on a statement of the Colorado Court of Appeals in *Harrison II*. *Id.* Mr. Harrison appealed the June 23, 2011, denial of his Rule 35(a) motion. Addressing this appeal, the Colorado Court of Appeals found that the May 6, 2011, Rule 35(a) motion and appeal of Mr. Harrison were "improper attempts to relitigate the issues decided in *Harrison I* and *Harrison II*." *Harrison III*, No. 11CA1410 (Colo. Ct. App. Dec. 15, 2011) (unpublished) (copy at **Pre-Answer Response** [#14], Exhibit N [#14-14], p. 3 (CM/ECF p. 4)).

In his reply [#25], Mr. Harrison relies on his May 6, 2011, Rule 35 motion as a basis for showing that his Application in this case is timely. *Reply* [#25], pp. 2 - 4. Both the Rule 35 motion and the appeal were declared by the Colorado Court of Appeals to be improper attempts to re-litigate issues resolved in previous Rule 35 motions. Thus, the May 6, 2011, Rule 35 motion on which Mr. Harrison relies was not properly filed and may not be used as a basis to determine if the Application in this case was timely filed.

After the **Pre-Answer Response** [#14] was filed in this case, this court noted in an order [#17] that the trial court register of actions contains an unclear reference to an "Order re: Request for Reconsideration," dated February 19, 2004. *Order* [#17], p. 5. At the time this court entered its order [#17] addressing the **Pre-Answer Response**

[#14], the court found it was not clear whether or how a motion for reconsideration in state court, filed in 2004, might affect the issue of timeliness under § 2244(d)(1)(A).

With the benefit now of the complete state court record [#21], I find and conclude that the present Application is not timely. The trial court found the Rule 35 motion filed by Mr. Harrison in 2009 to be successive, and thus improper, because the motion repeated arguments raised in previous motions. *See Harrison II*, (copy at *Pre-Answer Response* [#14], Exhibit H [#14-8], p. 2 (CM/ECF p. 3)). In *Harrison II*, the Colorado Court of Appeals noted initially that Mr. Harrison "has failed to comply with the requirements of C.A.R. 28, and his brief is therefore subject to being stricken." *Id*. Given these holdings by the trial court and the court of appeals, I find and conclude that the 2009 Rule 35 motion of Mr. Harrison was not properly filed in state court. Nothing in the record shows that any later post-trial motion filed by Mr. Harrison was properly filed. Further, nothing in the record indicates that any earlier motion, including the motion for reconsideration referenced in the February 19, 2004, state court docket entry, remained pending at the time the 2009 Rule 35 motion was resolved.

Even if the 2009 Rule 35 motion had been properly filed, the Application still would not be timely. The 2009 Rule 35 motion was resolved as a final matter on January 3, 2011, the date on which the Colorado Supreme Court denied certiorari in *Harrison II*. This denial of certiorari constituted a final resolution of the 2009 Rule 35 motion. The Application in this case was filed on August 17, 2012, more than one year after the final resolution of the 2009 Rule 35 motion on January 3, 2011. Any earlier Rule 35 motion properly filed by Mr. Harrison was resolved well before January 3, 2011, much more than one year before Mr. Harrison filed his Application. Thus, under 28 U.S.C. § 2244(d)(1)(A), the Application must be denied as untimely.

## IV.  NO BASIS FOR RELIEF ON THE MERITS

Even if the Application of Mr. Harrison was filed in a timely fashion, he would not be entitled to relief under § 2254.  The record provides no support for his claim that his sentence was made more onerous by an *ex post facto* law.

### A.  Standard of Review

Title 28 U.S.C. § 2254(d) provides that a writ of habeas corpus may not be issued with respect to any claim that was adjudicated on the merits in state court, unless the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

I review claims of legal error and mixed questions of law and fact under 28 U.S.C. § 2254(d)(1).  **See Cook v. McKune**, 323 F.3d 825, 830 (10th Cir. 2003).  The threshold question under § 2254(d)(1) is whether applicant seeks to apply a rule of law that was clearly established by the Supreme Court at the time his conviction became final.  **See Williams v. Taylor**, 529 U.S. 362, 390 (2000).  The review under § 2254(d) "is limited to the record that was before the state court that adjudicated the prisoner's claim on the merits."  **Cullen v. Pinholster**, ___ U.S. ___, ___, 131 S. Ct. 1388, 1398 (2011).  Clearly established federal law "refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision."  **Williams**, 529 U.S. at 412.

7

In this case, Mr. Harrison claims a violation of the ban on *ex post facto* laws in the Constitution. **U.S. Const.** art 1, § 10. The *Ex Post Facto* Clause and the cases applying it constitute law that was clearly established at the time of the conviction of Mr. Harrison. If a clearly established rule of federal law is implicated, I must determine whether the decision of the state court was contrary to or an unreasonable application of that clearly established rule of federal law. **See Williams**, 529 U.S. at 404-05.

> A state-court decision is contrary to clearly established federal law if: (a) "the state court applies a rule that contradicts the governing law set forth in Supreme Court cases"; or (b) "the state court confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from [that] precedent." **Maynard** [**v. Boone**], 468 F.3d [665,] 669 [(10th Cir. 2006)] (internal quotation marks and brackets omitted) (quoting **Williams**, 529 U.S. at 405). "The word 'contrary' is commonly understood to mean 'diametrically different,' 'opposite in character or nature,' or 'mutually opposed.'" **Williams**, 529 U.S. at 405, 120 S.Ct. 1495 (citation omitted).

**House v. Hatch**, 527 F.3d 1010, 1018 (C.A.10 (10th Cir. 2008). My inquiry under the "unreasonable application" clause is an objective one. **See Williams**, 529 U.S. at 409-10.

I review claims of factual errors under 28 U.S.C. § 2254(d)(2). **See Romano v. Gibson**, 278 F.3d 1145, 1154 n. 4 (10th Cir. 2002). Section 2254(d)(2) allows a court to grant a writ of habeas corpus only if the state court decision was based on an unreasonable determination of the facts in light of the evidence presented. Pursuant to § 2254(e)(1), I must presume that the state court's factual determinations are correct, **see Sumner v. Mata**, 455 U.S. 591, 592-93 (1982), and Applicant bears the burden of rebutting the presumption by clear and convincing evidence, **see Houchin v. Zavaras**, 107 F.3d 1465, 1470 (10th Cir. 1997). "The standard is demanding but not insatiable . .

8

. [because] '[d]eference does not by definition preclude relief.' " **Miller-El v. Dretke**, 545 U.S. 231, 240 (2005) (quoting **Miller-El v. Cockrell**, 537 U.S. 322, 340 (2003)).

## B.  Analysis

"One function of the *Ex Post Facto* Clause is to bar enactments which, by retroactive operation, increase the punishment for a crime after its commission." **Garner v. Jones**, 529 U.S. 244, 249 (2000).  When he was sentenced in 2002, Mr. Harrison was not exposed to punishment under an *ex post facto* law.  This is true because he was sentenced properly to an indeterminate term of parole under §17-2-201(5)(a.7), C.R.S., as that statute existed in December 2000, when Mr. Harrison committed the offense for which he was sentenced.

A brief review of the relevant statutory provisions is necessary.  "In 1998, the Colorado General Assembly enacted the Lifetime Supervision of Sex Offenders Act" (Lifetime Supervision Act).  **Vensor v. People**, 151 P.3d 1274, 1276 (Colo. 2007). Under the Lifetime Supervision Act, any sex offender sentenced to the department of corrections must be sentenced to

> an indeterminate term of at least the minimum of the presumptive range specified in section 18–1.3–401 and a maximum of the sex offender's natural life. § 18–1.3–1004(1)(a), C.R.S. (2006).  On completion of the minimum period of incarceration specified in the sex offender's indeterminate sentence, less any credits earned by him, the Act assigns discretion to the parole board to release him to an indeterminate term of parole of at least ten years for a class four felony, or twenty years for a class two or three felony, and a maximum of the remainder of the sex offender's natural life. § 18–1.3–1006(1), C.R.S. (2006).

**Vensor v. People**, 151 P.3d 1274, 1276 (Colo. 2007) (footnotes omitted).  Examining the case of Mr. Harrison, the Colorado Court of Appeals held that the Lifetime Supervision Act is applicable to Mr. Harrison and he is subject to mandatory

9

indeterminate sentencing under the Lifetime Supervision Act.  *Harrison I*, 165 P.3d at 860.

Mr. Harrison claims he was sentenced improperly to an indeterminate term of parole under §17-2-201(5)(a.7) when, instead, he should have been sentenced under subsection (a.5), to a term of parole not to exceed the maximum sentence imposed.  At the time of the offense for which Mr. Harrison was sentenced, §17-2-201(5)(a.5) and (a.7), C.R.S. (2000) read as follows:

> (a.5) As to any person sentenced for conviction of an offense involving unlawful sexual behavior or for which the factual basis involved an offense involving unlawful sexual behavior . . . committed on or after July 1, 1996, the [parole] board . . . has full discretion to set the duration of the term of parole granted, but in no event shall the term of parole exceed the maximum sentence imposed upon the inmate by the court.
>
> (a.7) As to any person sentenced for conviction of a sex offense pursuant to the provisions of [the Lifetime Supervision Act], committed on or after November 1, 1998, the [parole] board shall . . . set the duration of the term of parole granted pursuant to the provisions of [the Lifetime Supervision Act.]

Shortly before Mr. Harrison was sentenced in May 2002, but after the commission of his offense, a bill was enacted adding to subsection (a.5) the language in capital letters, shown below:

> (a.5) EXCEPT AS OTHERWISE PROVIDED IN PARAGRAPH (a.7) OF THIS SUBSECTION (5), as to any person sentenced for conviction of an offense involving unlawful sexual behavior or for which the factual basis involved an offense involving unlawful sexual behavior . . . committed on or after July 1, 1996, BUT PRIOR TO JULY 1, 2002, the [parole] board . . . has full discretion to set the duration of the term of parole granted, but in no event shall the term of parole exceed the maximum sentence imposed upon the inmate by the court.

Colo. Sess. L. 2002, p.125 (additions in capitals).  According to Mr. Harrison, the new "except as otherwise provided" clause in subsection (a.5), highlighted above, caused the parole component of his sentence to be covered by subsection (a.7) rather than by

10

subsection (a.5). This change, he contends, constitutes the imposition of an *ex post facto* law because the change caused the imposition of an indeterminate term of parole when, before the change, he was subject only to a determinate period of parole under subsection (a.5).

Reviewing the Rule 35 motions of Mr. Harrison, the Colorado Court of Appeals held that, given the nature of the offense of Mr. Harrison and the date of that offense, December 2000, he was subject to an indeterminate term of parole under subsection (a.7). *See Harrison I*, 165 P.3d at 859 - 860 (Harrison subject to mandatory indeterminate sentencing under §18-1.3-1003(5), C.R.S., part of the Sex Offender Lifetime Supervision Act); *Harrison II*, No. 09CA1670 (Colo. Ct. App. July 15, 2010) (unpublished) (copy at *Pre-Answer Response* [#14], Exhibit H [#14-8], p. 6 (CM/ECF p. 7)) (Harrison properly subject to indeterminate period of parole, applying §18-1.3-1006(1)(b) and 17-2-201(a.7), C.R.S.). In *Harrison III*, the court of appeals again reviewed the contentions of Mr. Harrison and concluded:

> As the division found in *Harrison I*, Harrison's sexual assault on a child conviction, with a date of offense of December 2000, was a conviction of an offense covered by the [Lifetime Supervision] Act. As the division concluded in *Harrison II*, Harrison is subject to the provisions of section 17-2-201(5)(a.7), which applies to defendants, such as Harrison here, who are sentenced under the [Lifetime Supervision] Act for crimes occurring on or after November 1, 1998. *See Harrison II*; [*People v.*] *Tucker*,194 P.3d [503,] 504 [(Colo. App.,2008)].
>
> Thus, Harrison's reference to section 17-2-201(5)(a.5) is misplaced, because that statute is subject to the provisions of section 17-2-201(5)(a.7). Further, the court's amended mittimus correctly reflects the parole to which Harrison is subject upon his release. See § 18-1.3-1006(1)(b).

*Harrison III*, No. 11CA1410 (Colo. Ct. App. Dec. 15, 2011) (unpublished) (copy at *Pre-Answer Response* [#14], Exhibit N [#14-14], p. 4 (CM/ECF p. 5)). This court is bound

11

to accept the construction and application of Colorado statutes by the Colorado Court of Appeals.  *Missouri v. Hunter*, 459 U.S. 359, 368 (1983).

Stated directly, when he was sentenced for an offense committed in December 2000, Mr. Harrison was subject to the provisions of the Lifetime Supervision Act, which was in effect at the time of his offense.  Because he was subject to the provisions of the Lifetime Supervision Act, Mr. Harrison was subject to the terms of §17-2-201(5)(a.7), C.R.S., as that statute existed at the time of his offense, December 2000.  As these laws existed at the time of the offense, the application of subsection (a.7) was triggered by the sentence of Mr. Harrison under the provisions of the Lifetime Supervision Act.  The 2002 addition of the "except as otherwise provided" language to subsection (a.5) did not make subsection (a.7) applicable to Mr. Harrison when subsection (a.7) was not previously applicable to Mr. Harrison.  Rather, subsection (a.7) was applicable to Mr. Harrison at the time of his offense and independent of the 2002 amendment to subsection (a.5).

The 2002 amendment of subsection (a.5) had no effect on the proper sentence imposed on Mr. Harrison.  The 2002 amendment of subsection (a.5) did not, "by retroactive operation, increase the punishment for a crime after its commission." *Garner v. Jones*, 529 U.S. 244, 249 (2000).  Thus the imposition of a term of parole on Mr. Harrison under subsection (a.7) did not violate the *Ex Post Facto* Clause.  The decisions of the state courts to impose and uphold this sentence are not decisions which are contrary to or an unreasonable application of a clearly established rule of federal law.  Even if he had filed a timely application, which he did not, Mr. Harrison would not entitled to habeas relief under § 2254.

## V. CONCLUSION, COA, AND IFP

Under 28 U.S.C. § 2244(d)(1)(A), the Application of Mr. Harrison must be denied on both procedural and substantive grounds. Procedurally, the Application is untimely. Substantively, Mr. Harrison is not entitled to habeas relief under § 2254 because his sentence does not violate the *Ex Post Facto* Clause. Thus, he is not entitled to relief under § 2254.

Under Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, I must issue or deny a certificate of appealability when entering a final order adverse to the applicant. Under 28 U.S.C. § 2253(c)(2), I may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." Such a showing is made only when a prisoner demonstrates that jurists of reason would find it debatable that a constitutional violation occurred, and that the district court erred in its resolution. Mr. Harrison has not made a substantial showing of the denial of a constitutional right. Therefore, a certificate of appealability is denied.

Under 28 U.S.C. § 1915(a)(3), I certify that any appeal from this order would not be taken in good faith. Therefore, *in forma pauperis* status will be denied for the purpose of appeal. **See *Coppedge v. United States***, 369 U.S. 438 (1962). If Mr. Harrison files a notice of appeal, he also must pay the full appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

## VI. ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** (Application) [#1] filed August 17, 2012, is denied;

2. That this case is dismissed with prejudice;

3. That a certificate of appealability shall not issue under 28 U.S.C. § 2253(c); and

4. That leave to proceed on appeal *in forma pauperis* is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, July 8, 2015.

BY THE COURT:

Bob Blackburn
Robert E. Blackburn
United States District Judge